**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

IN RE NATIONAL LEGAL
PROFESSIONAL ASSOCIATES (NLPA)                    No. 08-MC-101
                                                        (NAM/DRH)

─────────────────────────────────

**APPEARANCES:**                              **OF COUNSEL:**

KINDLON SHANKS & ASSOCIATES              TERENCE L. KINDLON, ESQ.
Attorney for NLPA
74 Chapel Street
Albany, New York 12207

ROBINSON & BRANDT, P.S.C.                 JEFFREY M. BRANDT, ESQ.
Attorney for NLPA
Suite B
629 Main Street
Covington, Kentucky 41011

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

In an order filed November 17, 2008, the National Legal Professional Associates

(NLPA) was directed to show cause why it should not be (1) enjoined from engaging in the

unauthorized practice of law in the Northern District of New York, and (2) compelled to

return certain fees.  Docket No. 2.  NLPA timely responded.  Docket Nos. 15, 18.[1]  For the

reasons which follow, it is recommended that no action be taken against NLPA.


### I. Findings of Fact

In 2008, two indigent defendants in the same criminal case requested the

─────────────────────

[1]NLPA's response was filed electronically.  Docket No. 15.  However, its voluminous
exhibits were filed conventionally by hard copies only.  Docket Nos. 17, 18.

assignment of new counsel.  At separate proceedings, both defendants advised that their

families had retained NLPA to provide assistance, the families had each paid NLPA

approximately $2,500.00, and each defendant had received materials related to their cases.

Both defendants questioned the advice given by their assigned counsel-of-record and

referred to the NLPA materials.  See United States v. Whitmore et al., No. 08-CR-385 (FJS)

(N.D.N.Y.),[2] Docket entries dated 9/29/08 (defendant Cash Whitmore) and 11/7/08

(defendant King S. Burden).[3]  It further appeared that NLPA had previously been enjoined

from the unauthorized practice of law in the Southern District of Illinois.  See United States

v. Johnson, 327 F.3d 554 (7th Cir. 2003), cert. denied, 540 U.S. 1111 (2004).  Thus, the

order to show cause was entered.

        Upon review of the sworn submissions of NLPA, the following facts appear.  NLPA

advertises itself as providing "legal research and consulting assistance by lawyers for

lawyers [and] their clients."  NLPA Website (visited Dec. 7, 2009) <http://www.nlpa.com>

 NLPA's main office is located in Cincinnati, Ohio and it maintains other offices in Florida,

Alabama, and England.  Id.[4]  It advertizes and represents that it is not a law firm, cannot

appear in court on behalf of a defendant, and provides legal research and consultation only

to assist and with the express agreement of a criminal defendant's counsel-of-record.  Id.;

---

[2]Docket entries for this case are hereinafter referenced as "Whitmore Docket No."

[3]Both defendants have since pleaded guilty and are awaiting sentencing.  See
Whitmore Docket entries dated 10/22/09 and 11/3/09.

[4]NLPA was established in 1986 by H. Wesley Robinson upon his release from
prison.  Robinson Aff. (Docket No. 18, Ex. 5) at ¶ 2; NLPA Mem. of Law (Docket No. 15) at
14 n.6.  NLPA is now owned and staffed by licensed attorneys.  Robinson Aff. at ¶ 2.
Robinson remains as NLPA's Director of Client Services.  Id. at ¶ 1.

NLPA Mem. of Law (Docket No. 15) at 3-4.  According to its own policies, NLPA will not provide any case-specific research or analysis to any criminal defendant until the defendant's counsel requests and approves it.  If NLPA is contacted by or on behalf of a criminal defendant without such approval from his or her counsel, NLPA will provide that defendant with "only general information . . . , such as published articles and information about the criminal justice system, information th[at] is available to the general public."  NLPA Mem. of Law at 3 (summarizing assertions contained in the affidavits of NLPA attorneys in Docket No. 18).

As to Whitmore, he was charged with conspiracy to distribute cocaine base in this district in a criminal complaint filed on June 27, 2008.  Whitmore Docket No. 1.  Whitmore was arrested, he was found indigent, the Office of the Federal Public Defender was appointed to represent him, and the motion of the government for the detention of Whitmore pending trial was granted without opposition.  Whitmore Docket Nos. 2, 3, 6, 8, 9.  An indictment was returned on July 9, 2008 to which Whitmore pleaded not guilty on July 11, 2008.  Whitmore Docket No. 11 & entry dated 7/11/08.

Whitmore contacted NLPA on July 7, 2008 requesting information about NLPA's services.  Robinson Aff. at ¶ 6.  In a letter of the same date, NLPA sent Whitmore a packet describing its services, history, and accomplishments.  Id.; Docket No. 18, Ex. 6.  The cover letter to Whitmore advised several times that NLPA provided research and consultation to a defendant's counsel to assist preparing a defense.  Docket No. 18, Ex. 6 at 1.  The letter further stated that "NLPA does not replace your attorney but rather adds to the defense team to assist your counsel in your case."  Id.  The letter offered services at a cost of $2,500 which included keeping a defendant apprised of developments in his or her case.

3

Id.  Once payment was received, NLPA would

> wait to receive communication from your attorney that he or she
> is willing to accept our attorney's assistance.  We will explain to
> your counsel how NLPA's attorneys can assist the defense team
> as you prepare for trial.  If your counsel agrees to include NLPA
> in the legal team of your defense team, then your family can pay
> the remaining balance of our total $4,950.00 pre-trial research
> fee.  We will then shift the focus of our assistance to the
> research and consulting that will directly impact your trial motions
> that are case specific to your circumstance, legal research
> addressing defenses you may have, consulting with counsel as
> to the investigation of the defense, and th like.

Id. at 2.

On July 21, 2009, Whitmore's mother sent NLPA a payment of $1,000[5] and an

Agreement for Services signed by her.  Robinson Aff. at ¶¶ 7-8.  The agreement reaffirmed

that for NLPA to provide case-specific services, Whitmore's counsel-of-record must agree to

receive those services or NLPA would provide only non-case specific assistance.  Id. at ¶ 8.

The non-case specific information included documents from public records and NLPA

publications such as articles on the criminal justice system, adjusting to incarceration, and

similar materials.  Docket No. 18, Exs. 7, 8; NLPA Mem. of Law at 3-4.  NLPA telephoned

Assistant Federal Public Defender Timothy E. Austin, Esq. on July 23, 2008, but Austin

never returned the call. Id. at ¶ 9.  NLPA advised Whitmore that it could provide no case-

specific services without the agreement of his attorney and directed Whitmore to discuss

with Austin whether he would agree to receive NLPA's case-specific research and

assistance.  Docket No. 18, Ex. 8.  On August 14, 2008, Whitmore advised NLPA that

Austin had declined assistance from NLPA.  Robinson Aff. at ¶ 11.  NLPA advised

_____

[5]Whitmore's mother eventually sent NLPA an additional $100 for total payments of
$1,100.  Robinson Aff. at ¶ 8.

4

Whitmore that in this event, NLPA could not provide him any case-specific research or assistance.  Id.  NLPA also sent Whitmore another letter reiterating that NLPA could provide no further services without Austin's agreement.  Docket No. 18, Ex. 9.  NLPA sent Whitmore further public source information.  Docket No. 18, exs. 9, 10.

Whitmore thereafter requested the appointment of new counsel which led to a hearing on September 29, 2008.  At that hearing, Whitmore stated that the basis for his request was that Austin was not responsive to his questions.  Whitmore Hearing Tr. (Whitmore Docket No. 50).  Whitmore denied that NLPA had provided him or his family any case-specific research or advice and confirmed that it had provided him only general, public source information.  Id. at 4-5.  It was clear from the hearing that Whitmore disagreed with Austin's declination of assistance from NLPA and that this disagreement exacerbated a division between the two over the case.  See generally Whitmore Hearing Tr.  Whitmore's request for new counsel was granted and new counsel was appointed.  Whitmore Docket entry dated 9/29/08.  Whitmore thereafter entered a plea of guilty and is presently awaiting sentencing.  See note 3 supra.

As to Burden, he was charged with conspiring with Whitmore and others to distribute cocaine base in the criminal complaint filed on June 27, 2008.  Whitmore Docket No. 1. Burden was arrested, found indigent, attorney James E. Long, Esq. was appointed to represent him, and the motion of the government for the detention of Burden pending trial was granted without opposition.  Whitmore Docket Nos. 2, 4, 7.  An indictment was returned on July 9, 2008 to which Whitmore pleaded not guilty on July 11, 2008.  Whitmore Docket No. 11 & entry dated 7/11/08.

Burden telephoned NLPA on July 11, 2008 and inquired about their services.

Robinson Aff. at ¶ 15.  He was given the same information given Whitmore and was sent the same packet of materials with the same disclaimers and qualifications.  Id.; Docket No. 18, Ex. 11.  Burden's mother sent a payment of $600 to NLPA on July 24, 2008 and NLPA then sent to Burden a second packet of materials which included a client authorization form, an article containing information about the prison system, how to obtain a book entitled Survive Jail, and financing information.  Robinson Aff. at ¶ 16; Docket No. 18, Ex. 12.  On August 4, 2008, NLPA sent Burden a letter, enclosing an updated copy of the Whitmore docket and  materials concerning the penalties for federal crack cocaine offenses, other NLPA articles concerning amendments to the 2007 Sentencing Guidelines, an article concerning the disparity in punishment between cocaine base and powder cocaine offenses, and a March 19, 2002 publication from the United States Department of Justice entitled, "Federal Cocaine Offenses: An Analysis of Crack and Powder Penalties."  Docket No. 18, Ex. 13.  NLPA's communications advised Burden that NLPA would not provide any case-specific research or advice without the agreement of Burden's counsel-of-record and that in the absence of such an agreement, NLPA would provide only such public source, non-case specific information.  See Robinson Aff. at ¶ 15; Docket No. 18, Exs. 12, 13.

On August 12, 2008, Burden's mother advised NLPA that Long had verbally agreed to accept the assistance of NLPA and asked NLPA to contact Long.  Robinson Aff. at ¶ 17.  On August 15, 2008, Robinson spoke to Long, who confirmed his willingness to accept assistance from NLPA and that he would contact NLPA at a later date with specific questions to be researched.  Id. at ¶ 18; Docket No. 18, Ex. 15 (letter from NLPA to Long confirming conversation).  No further contact occurred, however, and NLPA never performed any case-specific work for Burden.  Robinson Aff. at ¶ 18.  In the meantime,

NLPA sent Burden further materials relating generally to criminal cases obtained from public sources but provided no case-specific research, analysis, or advice.  Id. at ¶ 19; Docket No. 18, Ex. 17.  It does not appear that Long ever requested any particular assistance from NLPA or had any further contact with it.

Burden thereafter requested the appointment of new counsel which led to a hearing on November 7, 2008.  At that hearing, Burden, like Whitmore, stated that the basis for his request was that Long was not responsive to his questions.  Burden Hearing Tr. (Whitmore Docket No. 49).  Burden denied that NLPA had provided him or his family any case-specific research or advice and confirmed that NLPA had provided him only general, public source information.  Id. at 6-7.  It was clear from the hearing that Burden found NLPA responsive to his questions and that Long was not, and that his disaffection with Long was exacerbated by NLPA's availability and communications.  See generally Burden Hearing Tr.  Burden's request for new counsel was granted and new counsel was appointed.  Whitmore Docket entry dated 11/7/08.  Burden thereafter entered a plea of guilty and is presently awaiting sentencing.  See note 3 supra.


## II. Conclusions of Law

Individuals are authorized to practice law in this district only if admitted to the bar of this Court, see N.D.N.Y.L.R. 83.1, and in this state only if admitted to the bar of the State of New York.  See N.Y. Jud. law §§ 460, 478 (McKinney 2005).  A court's exercise of authority over those who may practice law within its jurisdiction constitutes an "important" obligation which requires this Court "to fix standards, regulate admission to the bar, and enforce professional discipline among members of the bar."  Middlesex County Ethics Comm. v.

Garden State Bar, 457 U.S. 423, 432 (1982); see also Dacey v. New York County Lawyers' Ass'n, 423 F.2d 188, 189 (2d Cir. 1969) ("The orderly functioning of our judicial system and the protection of our citizens require that legal advice should be offered only by those who possess the requisite qualifications and authorization for the practice of law. ").  The issue presented here, however, is not whether this Court possesses the authority to monitor the practice of law within its jurisdiction – it does – or whether NLPA or those associated with it were admitted to practice law in this district – they were not.  NLPA does not assert that it or its attorneys were authorized to practice law in this district.  Rather, NLPA contends that its activities did not constitute the practice of law.

The practice of law includes providing legal evaluations, opinions, and advice directly to individuals charged with crimes in return for payment of a fee.  See Servidone Const. Corp. v. St. Paul Fire & Marine Ins. Co., 911 F. Supp. 560, 565-66 (N.D.N.Y. 1995) (McCurn, J.) (holding that "the practice of law. . . includes legal advice and counsel as well as appearing in the courts and holding oneself out as a lawyer."); see also In re Perez, 327 B.R. 94, 97 (E.D.N.Y. 2005) (holding that "the practice of law . . . embraces . . ., in general all advice to clients and all action taken for them in matters connected with the law.").

The practice of law includes the preparation of legal papers and instruments of all types, advice to clients, and action taken for them in matters connected with the law.  See United States v. Intern'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., No. 88 Civ. 4486 (DNE), 1996 WL 383237, at *3 (S.D.N.Y. July 8, 1996) (internal quotation marks and citations omitted).  As the Second Circuit Court of Appeals held over seventy-five years ago:

> [T]he best and controlling test by which to determine whether the

8

> given acts constituted practice of law or rendition of legal
> services is by the answer to be given to the underlying inquiry
> whether such acts were ones which had been committed to the
> exclusive charge of attorneys or were those which might be
> performed by a layman. . . .  This is to be decided by the nature
> of the act, and not by the identity of the individual who most
> frequently performs it.

Brooks v. Mandel-Witte Co., 54 F.2d 992, 996 (2d Cir. 1932) (internal quotation marks

omitted).

Here, the actions performed by NLPA for Whitmore and Burden were limited to the

provision of materials concerning the criminal justice system generally.  Some of the

material was authored under NLPA direction.  The remainder was obtained from public

sources primarily including the internet.  None of the material was specific to the cases of

either Whitmore or Burden.  There is no evidence that NLPA offered either defendant any

advice regarding their cases.  In fact, NLPA explicitly advised both Whitmore and Burden on

multiple occasions that it could not provide any assistance or advice specific to the

defendant's case without the defendant's counsel-of-record agreeing to receive NLPA's

assistance.  In Whitmore's case, no such agreement was ever received.  In Burden's case,

NLPA received a verbal agreement from his attorney, but the attorney never gave NLPA

any directions for assistance.

Thus, it appears from this record that NLPA carefully limited its interactions with

Whitmore and Burden to providing general information available from public sources and

offered no advice, services, research, and assistance normally performed by a lawyer.  This

conduct was consistent with NLPA's stated policies.  NLPA offered no legal analyses of the

charges in the case and performed no research on possible defenses.  It made no

recommendations as to accepting a plea offer or proceeding to trial.  It offered no opinions

9

of likely sentences under the Sentencing Guidelines or possible arguments in mitigation of

sentencing.  The services performed by NLPA for Whitmore and Burden were those

reasonably and usually performed by non-lawyers with modest skills at searching the

internet.  NLPA performed no services which required legal education, training, or licensing.

Thus, as to Whitmore and Burden, it cannot be said that NLPA engaged in the practice of

law.

      NLPA freely acknowledges that it offered Whitmore, Burden, and all others services

which would be specific to the particular case.  These included legal research, the

preparation of case analyses, motions and pleadings, recommendations for dispositions,

possible defenses, and sentencing arguments.  These services constitute those normally

performed by lawyers admitted to practice.  NLPA conditioned the provision of such

services, however, on receiving the explicit agreement to such assistance from a

defendant's counsel-of-record.  NLPA also would provide that assistance to the counsel-of-

record rather than to the defendant for whatever use the attorney deemed appropriate.  As

long as this assistance was provided directly to counsel-of-record rather than to the

defendant, or directly to the defendant only with the approval of counsel-of-record, the

assistance was approved and adopted by the defendant's attorney and became the work

product of the attorney in the same way that the work of a paralegal or independently

contracted attorney is reviewed and adopted as the product of counsel-of-record.  Such

assistance avoids becoming the practice of law because it is performed for an attorney

rather than directly for the client.

      The fact that on this record, NLPA's conduct and practices do not constitute the

unauthorized practice of law does not indicate that such conduct and practices are free of

concern.  First, it appears that over th years, NLPA's policies and practices have evolved to the point where it offers services so close to the boundary for the unauthorized practice of law that any violation of its stated policies and practices pushes NLPA over the line.  For example, answering a defendant's request for advice on accepting a plea offer in any manner, even indirectly, could well constitute the practice of law where NLPA intended only to refer the defendant to his or her counsel-of-record.

Second, although NLPA does not solicit clients directly, it maintains an internet website advertising its services.  Whether through the website or simply by word-of-mouth among defendants, those defendants are invited to retain NLPA's services and to persuade their counsel-of-record to agree to accept those services.  The issues of whether NLPA's services should be accepted by the attorney and, if accepted, whether analyses, recommendations, arguments, and suggestions offered by NLPA contrary to those pursued by counsel-of-record should be adopted create fertile ground for disagreements between a defendant and his or her attorney.  While a defendant may benefit from receiving more assistance and information, creating additional bases for disagreements between a defendant and counsel-of-record may give cause for a defendant to question his attorney's abilities, commitment, or diligence and undermine the trust necessary to that relationship. The experiences of Whitmore and Burden testify to the legitimacy of such concerns.

### III. Conclusion

For the reasons set forth above, it is concluded that NLPA has not engaged in the unauthorized practice of law in this district and that as long as it adheres to its stated policies and practices, there is no reasonable likelihood that it will engage in the

unauthorized practice of law in this district in the future.  Accordingly, it is hereby

     **RECOMMENDED** that no order be issued either (1) enjoining NLPA from engaging in the unauthorized practice of law in this district, or (2) compelling NLPA to refund any fees preciously collected from clients in this district.

     Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  December 14, 2009
       Albany, New York

David R. Homer

United States Magistrate Judge